**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff -- Respondent, | : | Case No. 3:06-cr-00099 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| JOSEPH LEE CAULLEY, | : | |
| | : | |
| Defendant – Petitioner. | : | |

---

**ENTRY AND ORDER DENYING JOSEPH LEE CAULLEY'S PETITION AND RELATED FILINGS THAT SEEK FIREARMS DISABILITY RELIEF (DOCS. 77, 80, 81, 82, 83, 84, 85, 86, 87, 88)**

---

This case is before the Court on the Petition (Doc. 77) filed, *pro se*, by Joseph Lee Caulley ("Caulley"), as well as several additional documents (Docs. 80, 81, 82, 83, 84, 85, 86, 87, 88) he subsequently filed in support of the Petition that likewise seek firearms disability relief. The United States of America filed a Response, arguing that the Court should deny the Petition and relief sought. (Doc. 79.) Caulley, who was previously convicted in this Court of a federal crime punishable by a prison term of more than one year, wants to be able to possess a firearm after having served his prison sentence. He also asks this Court to declare 18 U.S.C. § 922(g) unconstitutional or abolish it or modify it. (*See* Docs. 82 and 83.) For the reasons discussed below, the relief sought in the Petition and related filings (Docs. 77, 80, 81, 82, 83, 84, 85, 86, 87, 88) is **DENIED**.

    **I.   BACKGROUND**

Caulley pleaded guilty to conspiracy to possess with intent to distribute and to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and (b)(1)(C).

(Doc. 62.) In 2010, the Court sentenced him to 90 months of imprisonment and a five-year term of supervised release. (*Id.*) Caulley served his term of imprisonment, and the Court entered an order on October 30, 2018 terminating Caulley's supervised release. (*See* Doc. 76.) In September of 2020, Caulley began filing the series of documents (referenced above) in which he seeks relief from the disabilities imposed by federal laws regarding his possession of firearms. (Docs. 77, 80, 81, 82, 83, 84, 85, 86, 87, 88.)

## II.   ANALYSIS

Once an individual has been convicted of a crime punishable by imprisonment for a term exceeding one year, it is unlawful for that person to possess any firearm. 18 U.S.C. § 922(g)(1). In other words, a person who is convicted of a felony is prohibited from having a firearm. *United States v. Bean*, 537 U.S. 71, 74, 123 S.Ct. 584, 154 L.Ed.2d 483 (2002). That federal statutory prohibition came from the Gun Control Act of 1968, the primary purpose of which was "to keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency." *U.S. v. Moore*, 109 F.3d 1456, 1461 (9th Cir. 1997) (quoting *Barrett v. U.S.*, 423 U.S. 212, 220, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976)) (internal quotations omitted). The Supreme Court has upheld such a firearms prohibition. *District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008) ("Like most rights, the right secured by the Second Amendment is not unlimited … [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons..."). However, both 18 U.S.C. §§ 925(c) and 921(a)(20) reflect limited avenues for relief from the firearms disability.

Section 925(c) provides that an individual who is prohibited from possessing a firearm may apply to the Attorney General for relief from the disability, and any individual whose application is denied by the Attorney General may file a petition with a United States District Court for judicial

review. 18 U.S.C. § 925(c).[1] The Attorney General has delegated authority to act on those applications to the Bureau of Alcohol, Tobacco and Firearms ("ATF"). *See Bean*, 537 U.S. at 74-75. If the application is denied, then the applicant may seek judicial review. *Id.*; 18 U.S.C. § 925(c) ("Any person whose application for relief from disabilities is denied by the [ATF] may file a petition with the United States district court for the district in which he resides for a judicial review of such denial"). The ATF is authorized to grant relief from the prohibition of firearms if the conditions in Section 925(c) are met. *Bean*, 537 U.S. at 74. However, since 1992, the ATF has been prevented by an appropriations bar from using appropriated funds "to investigate or act upon applications for relief from Federal firearms disabilities." *Id.* (internal quotation marks omitted). And, the Supreme Court has held that judicial review is precluded in the absence of a denial of an application by the ATF. *Id.* at 78; *see also Mullis v. U.S.*, 230 F.3d 215, 221 (6th Cir. 2000) ("Congress, through its appropriations act, has chosen to at least temporarily suspend the operation of § 925(c) in its entirety, thereby removing subject matter jurisdiction from the district court").

Therefore, individuals currently seeking to restore their firearms rights typically must resort to falling within the "exemption clause" of Section 921(a)(20). *Walker v. U.S.*, 800 F.3d 720, 729-30 (6th Cir. 2015) ("[o]f course these appropriations measures blocking § 925(c) cannot entirely prevent felons from having their firearms rights restored because they could still obtain a

---

[1] More specifically, Section 925(c) states, in relevant part: "A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. …" 18 U.S.C. § 925(c).

pardon, expungement, or restoration of civil rights from the convicting jurisdiction under § 921(a)(20)"). Section 921(a)(20) states, in part:

> … What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been <u>expunged</u>, or <u>set aside</u> or for which a person has been <u>pardoned</u> or has had <u>civil rights restored</u> shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added); *see also Walker*, 800 F. 3d at 725; *Beecham v. U.S.*, 511 U.S. 368, 374, 114 S. Ct. 1669, 128 L.Ed.2d 383 (1994) (clarifying that "petitioners can take advantage of §921(a)(20) [with respect to restoration of civil rights] only if they have had their civil rights restored <u>under federal law</u>") (emphasis added).

Here, as shown above, Caulley is subject to the federal ban on convicted felons possessing firearms. Caulley asks this Court to declare 18 U.S.C. § 922(g) unconstitutional or abolish it or modify it. (*See* Docs. 82 and 83.) The Court will not do so. The statute's constitutionality has been upheld in a variety of contexts, the Court is not the federal legislature, and Caulley cites no caselaw to support his argument. *See, e.g., Heller*, 554 U.S. at 626; *U.S. v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) ("prohibitions on felon possession of firearms do not violate the Second Amendment"). The Court also declines Caulley's invitation that it adopt, as federal law, what he alleges to be Texas state law concerning firearms disabilities. (*See* Doc. 85.) Finally, the Court cannot grant the firearms disability relief that Caulley seeks because it lacks subject matter jurisdiction to do so. *Mullis*, 230 F.3d at 215-16 (reversing the district court's order that had granted petitioner's petition for the removal of the firearms disabilities imposed on him by 18 U.S.C. § 922(g)(1)). There is no indication that the ATF denied an application submitted by Caulley pursuant to Section 925(c). The absence of such a denial precludes judicial review. *Bean*, 537 U.S. at 78. And, there is no indication that Caulley's conviction has been expunged or set

4

aside, that he has been federally pardoned, or that he has had his civil rights restored under federal law in accordance with Section 921(a)(20)—which would make the firearms disability under Section 922(g)(1) no longer applicable.  18 U.S.C. §§ 921(a)(20), 922(g); *Beecham*, 511 U.S. at 374; *Walker*, 800 F.3d at 729-30.

### III. **CONCLUSION**

For the reasons stated above, the Court **DENIES** the relief sought by Caulley in the Petition and related filings (Docs. 77, 80, 81, 82, 83, 84, 85, 86, 87, 88).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 8, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE